FILED
United States Court of Appeals
Tenth Circuit

February 8, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL E. MONTGOMERY,

Defendant - Appellant.

No. 07-5135

(N.D. Oklahoma)

(D.C. No. CV-04-354-TCK-FHM)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this *pro se* 28 U.S.C. § 2255 action, Darryl E. Montgomery seeks a certificate of appealability ("COA") to appeal the district court's denial of his § 2255 petition. Montgomery, while in prison serving a life term for first degree

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

murder, pled guilty to one count of conspiracy to file false tax returns. He argues he should be permitted to withdraw his guilty plea because his counsel was ineffective in connection with the entry of his plea and on direct appeal. We deny his request for a COA and dismiss this appeal.

As indicated, while Montgomery was in state prison serving a life term, he conspired with several other people to file false income tax returns on behalf of other inmates without their knowledge or consent in order to receive those inmates' tax refunds. The indictment against him alleged a conspiracy between the dates of July 1, 1995, and February 13, 1999. Montgomery pled guilty to a single count of conspiracy to file false tax returns for the years 1995 and 1996, in violation of 18 U.S.C. § 286. He also stipulated to a total intended loss to the government of $922,504.

Montgomery thereafter filed a motion to withdraw his guilty plea, alleging, *inter alia*, that his plea was coerced and therefore involuntary. He also filed a motion to disqualify the district court judge. The district court denied Montgomery's motions to disqualify and to withdraw his guilty plea, and thereafter overruled Montgomery's objections to the Presentence Report ("PSR"), granted the government's motion for an upward departure under the United States Sentencing Commission, Guidelines Manual ("USSG"), and sentenced Montgomery to 120 months' imprisonment, to be served consecutively to his life

term of imprisonment. The court also imposed restitution for the actual loss to the government of $50,912.

Montgomery filed a direct appeal, challenging the denial of his motion to disqualify, the upward departure and the failure to make written findings concerning his objections to the PSR. This court affirmed his sentence, but remanded for the ministerial purpose of having the district court reduce to writing its findings regarding Montgomery's objections to the PSR. See Fed. R. Crim. P. 32. Montgomery then filed this § 2255 petition.[1]

To obtain a COA, Montgomery must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

---

[1]Montgomery actually filed a request for a COA, without an accompanying brief, which we construed as his opening brief. He then filed an opening brief, which we construed as a request to file a supplemental brief, which has been submitted to us for our decision. We grant Montgomery's motion to file a supplemental brief. Although Montgomery has also filed a motion for leave to proceed on appeal *in forma pauperis*, that motion is moot. The district court previously determined that Montgomery was financially unable to obtain adequate defense counsel and the court appointed counsel to represent him in his criminal case. Accordingly, pursuant to Fed. R. App. P. 24(a), he may proceed on appeal *in forma pauperis* without a redetermination of indigence or further authorization.

We have carefully reviewed Montgomery's pleadings, the district court's disposition and the record on appeal. Nothing in the facts, the record on appeal, or Montgomery's filings raises an issue which meets our standard for the grant of a COA. For substantially the reasons set forth by the district court, we DENY Montgomery's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge